**FIRE INSURANCE EXCHANGE,**
Plaintiff–Appellant,

v.

**MONTY'S HEATING & AIR CONDITIONING; Monty Sibley, d/b/a Monty's Heating and Air Conditioning; Cleaver Electrical Services, Inc.; and Genesee Company, LLC,** Defendants–Appellees.

No. 05CA2473.

Colorado Court of Appeals,
Div. IV.

Feb. 8, 2007.

Certiorari Dismissed May 7, 2007.

Cozen O'Connor, Thomas M. Dunford, Sarah Earle Killeen, Denver, Colorado, for Plaintiff–Appellant.

Harris, Karstaedt, Jamison & Powers, P.C., A. Peter Gregory, Englewood, Colorado, for Defendants–Appellees Monty's Heating and Air Conditioning and Monty Sibley.

Dewhirst & Dolven, LLC, Miles M. Dewhirst, Rick N. Haderlie, Colorado Springs, Colorado, for Defendant–Appellee Cleaver Electrical Services, Inc.

Otten, Johnson, Robinson, Neff & Ragonetti, P.C., Brad W. Schacht, Jennifer L. Warnken, Denver, Colorado, for Defendant–Appellee Genesee Company, LLC.

Opinion by Chief Judge DAVIDSON.

In this subrogation action, plaintiff, Fire Insurance Exchange, appeals from the trial court's summary judgment dismissing its claims against defendants, Monty's Heating & Air Conditioning, Monty Sibley, Cleaver Electrical Services, Inc., and Genesee Company, LLC, on the ground that plaintiff's claims against these defendants were time barred. We reverse and remand.

Plaintiff provided homeowners insurance for a home in Larimer County, Colorado, owned and occupied by its insured. The home was constructed by defendants and other subcontractors. A few years later, the home and most of its contents were destroyed by a fire. As a result of the fire,

plaintiff paid its insured over $200,000 for the property loss within two months of the fire.

As relevant here, plaintiff brought a subrogation action against these and other defendants, alleging that the fire was caused by a defect in the air conditioning system and seeking compensation for the payments plaintiff made as a result of the fire. After filing answers, defendants moved for summary judgment, arguing that plaintiff's claims were time barred pursuant to § 13–80–104(1)(b)(II), C.R.S.2006. Defendants argued that § 13–80–104(1)(b)(II)(B) requires all claims in the nature of indemnity or contribution to be brought within ninety days of settlement of the claims and that plaintiff's claims were barred by this statute of limitations because the action was not commenced within that time.

The trial court agreed and dismissed the claims against defendants. The trial court certified the judgment as final pursuant to C.R.C.P. 54(b), and plaintiff filed this appeal, contending that the trial court wrongly interpreted § 13–80–104(1)(b)(II)(B). We agree with plaintiff.

■ Matters of statutory interpretation raise questions of law that we review de novo. In reviewing a statute, it is our duty to effectuate the intent and purpose of the General Assembly. *See Weld County Sch. Dist. RE–12 v. Bymer,* 955 P.2d 550, 554 (Colo.1998).

Section 13–80–104, C.R.S.2006, is part of the Construction Defect Action Reform Act (CDARA), § 13–20–801, et seq., C.R.S.2006. Subsection (1)(a) of § 13–80–104 imposes a two-year statute of limitations, which runs from the date on which a "claimant" discovers or should have discovered a construction defect, on "all actions against any architect, contractor, builder or builder vendor, engineer, or inspector performing or furnishing the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property." It also imposes a six-year statute of repose on all such claims.

■ However, subsection (1)(b) of the statute provides for a ninety day statute of limitations:

Notwithstanding the provisions of paragraph (a) of this subsection (1), *all claims,* including, but not limited to indemnity or contribution, by a claimant against a person who is or may be liable to the claimant for all or part of the claimant's liability to a third person:

(A) Arise at the time the third person's claim against the claimant is settled or at the time final judgment is entered on the third person's claim against the claimant, whichever comes first; and

(B) Shall be brought *within ninety days* after the claims arise, and not thereafter.

Section 13–80–104(1)(b)(II). [emphasis added]

The parties disagree whether the two-year statute of limitations, or the ninety day provision applies. We conclude that the phrase "all claims" in § 13–80–104(1)(b)(II) does not include plaintiff's subrogation complaint and, therefore, that the ninety-day tolling provision set forth in § 13–80–104(1)(b)(II) is inapplicable. Accordingly, we agree with plaintiff that the trial court erred in dismissing plaintiff's complaint based on the ninety-day statute of limitations.

■ To properly understand the statute, we cannot read the phrase, "all claims," in isolation but must read it in context, and in a manner that gives effect to the entire statute. *See City of Greenwood Village v. Petitioners for Proposed City of Centennial,* 3 P.3d 427 (Colo.2000). If statutory language is unclear or susceptible of different interpretations, we look to the sources of legislative intent, including the objective of the legislation and the consequences of a particular construction. *See Anderson v. Longmont Toyota, Inc.,* 102 P.3d 323, 327 (Colo.2004); *Rodriquez v. Nurseries, Inc.,* 815 P.2d 1006, 1008 (Colo. App.1991)("In construing a statute, words, phrases, clauses, and sentences must be interpreted in connection with, and in relation to, the rest of the paragraph.").

In § 13–80–104(1)(b)(II), the phrase "all claims" refers to claims "by a claimant against a person who is or may be liable to the claimant for all or part of the claimant's liability to a third person." Thus, in the context of § 13–80–104(1)(b)(II), "all claims" are limited to those claims made by a "claim-

ant" for recovery for the "claimant's" liability to a third person.

Accordingly, in order for the ninety-day statute of limitation tolling provision to be applicable here, plaintiff must be a "claimant" pursuant to the specific terms of § 13–80–104(1)(b)(II). We conclude, however, that plaintiff is not a "claimant."

In *CLPF–Parkridge One, L.P. v. Harwell Investments, Inc.*, 105 P.3d 658 (Colo.2005), the owner of a commercial office building brought a construction defect action against the general contractor, two subcontractors, and an engineering firm. One of the subcontractors filed a cross-claim against the engineering firm, which moved to dismiss on the ground that § 13–80–104(1)(b)(II) prohibited the subcontractor from bringing any claims against third parties until after the conclusion of the owner's underlying construction defect action.

The trial court granted the motion, and, in an original proceeding, the supreme court disagreed. After examining the statute's legislative history, the court determined that the purpose of § 13–80–104(1)(b)(II) was to streamline construction defect litigation by allowing the addition of third-party subcontractors alleged to be responsible for the complained-of defect, and to defer the running of the statute of limitations on indemnity and contribution claims that construction professionals who are defendants in construction defect lawsuits might have against another person, that is, to "allow the general contractor time to sort out who truly should be brought into the lawsuit and who can be brought out, or left out." *CLPF–Parkridge One, supra*, 105 P.3d at 664 (emphasis omitted) (quoting Hearings on H.B. 01–1166 before the Senate Business Affairs and Labor Committee, 63d General Assembly, 1st Reg. Sess. (Mar. 21, 2001)).

Thus, the supreme court concluded that indemnity and contribution claims brought by defendants against other parties responsible for a construction defect could be brought either in a construction defect lawsuit or in a separate lawsuit. However, if brought in the latter, the court concluded such a lawsuit must be commenced within ninety days after settlement or judgment in the construction defect lawsuit. *CLPF–Parkridge One, supra*, 105 P.3d at 664–65.

Although the court in *CLPF–Parkridge One* did not interpret the terms "all claims" or "claimant" under § 13–80–104(1)(b)(II), its extensive discussion of the statute's purpose is instructive. Indeed, from the statutory analysis set forth in *CLPF–Parkridge One*, it is apparent that, in contrast to § 13–80–104(1)(a) and (b)(I), which apply a two-year statute of limitations to actions brought by construction defect plaintiffs against construction professionals such as builders and contractors, the ninety-day tolling provision set forth in § 13–80–104(1)(b)(II) concerns, not construction defect plaintiffs, but construction professionals, who are the defendants in the construction defect lawsuit and who may have their own claims against third parties.

Thus, although it is not readily obvious on an initial reading of the statute, further scrutiny shows that, because § 13–80–104(I)(b)(II) has a different function than § 13–80–104(1)(a) and (b)(I), the General Assembly used the terms "claimant" and "third person" differently in § 13–80–104(1)(b)(II) than in the rest of the statute. Thus, for the purpose of § 13–80–104(1)(b)(II), we conclude the General Assembly intended that:

■ 1. the "claimant" is not a plaintiff in the underlying construction defect lawsuit, but is the defendant construction professional in the underlying lawsuit;

■ 2. because a "claimant" is the defendant construction professional in the underlying lawsuit, a construction defect plaintiff (the "claimant" under § 13–80–104(a)and (b)(I)), is a "third person" to whom a "claimant" construction professional is or may be liable; and

■ 3. the "third person's claim against the claimant," as set forth in § 13–80–104(1)(b)(II), refers to the construction defect plaintiff's underlying lawsuit against the construction professional.

Accordingly, the statutory trigger set forth in § 13–80–104(1)(b)(II) (the claim arises when the "third person's claim against the claimant is settled or . . . final judgment is

entered") refers to the underlying lawsuit, and it is the construction professional, the defendant in the underlying lawsuit and the "claimant" referred to in § 13–80–104(1)(b)(II), who has only ninety days after a settlement or judgment to file a separate lawsuit seeking indemnification, contribution, or the like. *Cf. CLPF–Parkridge One, supra*, 105 P.3d at 664 (court concluded that the intent of the General Assembly was that the ninety-day limitations period was a tolling provision and would not be triggered as to builder's third-party claims until "court judgment is entered and settlement is reached").

In this case, plaintiff is not a construction professional defendant. Thus, we conclude plaintiff is not a "claimant" as that term is used in § 13–80–104(1)(b)(II) and the reference in § 13–80–104(1)(b)(II) to "all claims" does not include plaintiff's subrogation claim against defendants. Consequently, we further conclude plaintiff's subrogation claim is subject to the two-year statute of limitations, not the ninety-day statute of limitations tolling provision.

Based on this disposition, we need not address the other arguments raised by the parties.

The judgment is reversed, and the case is remanded to the trial court with directions to reinstate plaintiff's claims against defendants.

Judge CRISWELL * and Judge KAPELKE * concur.