THERMO DEVELOPMENT, INC. and
Thermo Development Two, Inc.,
Plaintiffs–Appellants,

v.

CENTRAL MASONRY CORPORATION, a
Colorado corporation, and High Country
Plastering, Inc., Defendants–Appellees.

No. 07CA1190.

Colorado Court of Appeals,
Div. V.

Sept. 18, 2008.

Gelman & Norberg, LLC, Douglas Nor-
berg, Mary Ellen Rayment, Greenwood Vil-
lage, Colorado, for Plaintiffs–Appellants.

Ray Lego & Associates, Janet S. Wells,
Greenwood Village, Colorado; Campbell, La-
tiolais & Ruebel, P.C., Colin C. Campbell,
Casey A. Quillen, Denver, Colorado, for De-
fendants–Appellees.

Opinion by Judge NIETO *.

Plaintiffs, Thermo Development, Inc., and Thermo Development Two, Inc., appeal the trial court's judgment in favor of defendants, Central Masonry Corporation and High Country Plastering, Inc. We affirm.

Plaintiffs were developers of a condominium complex in Denver. As a result of water intrusion, a condominium owner and the condominium association brought suit against plaintiffs. Plaintiffs settled that action and less than ninety days later brought this action against defendants seeking contribution and indemnity.

Defendants moved to dismiss this action as barred by the six-year statute of repose set forth in section 13–80–104(1)(a), C.R.S.2007. In response, plaintiffs argued that section 13–80–104(1)(b)(II)(B), C.R.S.2007, permitted them to file an action against defendants within ninety days of settling the underlying action regardless of the six-year statute of repose. Defendants countered by arguing that the ninety-day provision applied only to the statute of limitations, not to the statute of repose.

The trial court found that the ninety-day provision in section 13–80–104(1)(b)(II)(B) did not apply to the six-year statute of repose. Accordingly, it determined that plaintiffs' claims against defendants were barred. The trial court certified its order as final pursuant to C.R.C.P. 54(b) and plaintiffs then brought this appeal.

Plaintiffs contend that the trial court erred in finding that their claims were barred by the six-year statute of repose. We disagree.

The proper construction of section 13–80–104(1)(b)(II), C.R.S.2007, is a question of law we review de novo. In construing a statute, our duty is to effectuate the intent and purpose of the General Assembly. We read the statute as a whole, giving sensible effect to all of its parts whenever possible. *CLPF–Parkridge One, L.P. v. Harwell Invs., Inc.*, 105 P.3d 658, 660 (Colo.2005).

Section 13–80–104, C.R.S.2007, contains both a statute of limitations and a statute of repose that are applicable to suits against architects, contractors, builders or builder vendors, engineers, inspectors, and others involved in real property construction or improvements. *See CLPF–Parkridge One*, 105 P.3d at 661; *Two Denver Highlands Ltd. Liab. Ltd. P'ship v. Stanley Structures, Inc.*, 12 P.3d 819, 821 (Colo.App.2000). It incorporates the two-year statute of limitations contained in section 13–80–102(1), C.R.S.2007, and provides a six-year statute of repose that may be extended by up to two years if the claim arises in the fifth or sixth year after substantial completion of the improvement. *See* § 13–80–104(1)(a), (1)(b)(I), (2), C.R.S. 2007.

Section 13–80–104(1) (a) provides:

Notwithstanding any statutory provision to the contrary, all actions against any architect, contractor, builder or builder vendor, engineer, or inspector performing or furnishing the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property shall be *brought within the time provided in section 13–80–102 after the claim for relief arises, and not thereafter, but in no case shall such an action be brought more than six years after the substantial completion of the improvement to the real property*, except as provided in subsection (2) of this section.

(Emphasis added.)

Section 13–80–104 (1)(b), C.R.S.2007, in turn, provides in relevant part:

(I) Except as otherwise provided in subparagraph (II) of this paragraph (b), *a claim for relief arises under this section* at the time the claimant or the claimant's predecessor in interest discovers or in the exercise of reasonable diligence should have discovered the physical manifestations of a defect in the improvement which ultimately causes the injury.

(II) *Notwithstanding the provisions of paragraph (a) of this subsection (1)*, all claims, including, but not limited to indemnity or contribution, by a claimant against

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2008.

a person who is or may be liable to the claimant for all or part of the claimant's liability to a third person:

(A) *Arise at the time* the third person's claim against the claimant is settled or at the time final judgment is entered on the third person's claim against the claimant, whichever comes first; and

(B) *Shall be brought within ninety days after the claims arise, and not thereafter.*

(Emphasis added.)

In *CLPF–Parkridge One,* 105 P.3d at 660, the supreme court held that "section 13–80–104(1)(b)(II) ... does not bar cross-claims and third-party claims for indemnity or contribution in construction defect lawsuits; rather, this section also allows indemnity or contribution claims to be brought by a separate lawsuit but no later than ninety days after termination of the construction defect lawsuit." However, in reaching this conclusion, the court did not address application of the six-year statute of repose.

Plaintiffs argue that the trial court erred in holding that section 13–80–104(1)(b)(II) does not toll the six-year statute of repose. They contend that the trial court's interpretation of section 13–80–104(1)(b)(II) eviscerates the General Assembly's intent to preclude "shotgun-style" litigation where a contractor names all of the subcontractors regardless of liability to avoid the possible expiration of the statute of limitations or the statute of repose.

 To properly understand a statute, we cannot read various words or phrases in isolation but must read them in context, and in a manner that gives effect to the entire statute. If the statutory language is unclear or susceptible of different interpretations, we examine the sources of legislative intent, including the objective of the legislation and the consequences of a particular construction. *Fire Ins. Exch. v. Monty's Heating & Air Conditioning,* 179 P.3d 43, 45 (Colo.App. 2007) (construing various subsections of section 13–80–104); *Rodriquez v. Nurseries, Inc.,* 815 P.2d 1006, 1008 (Colo.App.1991) ("In construing a statute, words, phrases, clauses, and sentences must be interpreted in

connection with, and in relation to, the rest of the paragraph.").

 We conclude that section 13–80–104(1)(b)(II) does not act as a "tolling" provision for the six-year statute of repose. The purpose of section 13–80–104(1)(b)(II)

was to streamline construction defect litigation by allowing the addition of third-party subcontractors alleged to be responsible for the complained-of defect, and to defer the running of the statute of limitations on indemnity and contribution claims that construction professionals who are defendants in construction defect lawsuits might have against another person.

*Fire Ins. Exch.,* 179 P.3d at 46.

Nothing in section 13–80–104 indicates that the General Assembly intended to "toll" the statute of repose. Section 13–80–104(1)(b)(II) was added in 2001 as part of the Construction Defect Action Reform Act (CDARA). Ch. 132, sec. 2, 2001 Colo. Sess. Laws 390. The bill summary noted, among other things, that the intent was to modify the statute of limitations for certain claims. *See id.* at 388. It made no mention of modifying the statute of repose. In addition, all modifications were to section 13–80–104(1)(b), which previously addressed only when a cause of action arose, not when the statute of repose ran. These modifications included the addition of the language following subparagraph identifier (I) stating "[e]xcept as otherwise provided in subparagraph (II) of this paragraph (b)," and the language set forth in subparagraph (II). *See id.*

Therefore, we do not read section 13–80–104(1)(b)(II) as modifying the six-year statute of repose in section 13–80–104(1)(a) to include the ninety-day period set forth in section 13–80–104(1)(b)(II)(B). Rather, we read section 13–80–104(1)(b)(II) as affecting only when a claim arises, and must be brought, for purposes of the two-year statute of limitations under section 13–80–102, C.R.S. 2007.

Contrary to plaintiffs' argument, the references in section 13–80–104 to any alleged "tolling" pertain only to when the claim "arises." For example, section 13–80–104(1)(a) states that all actions shall be

brought within the time provided in section 13–80–102, which, as noted, is the two-year limitations period. Section 13–80–104(1)(b)(I) provides that "a claim for relief *arises* under this section ...." (emphasis added) Section 13–80–104(1)(b)(II)(A) and (B) also provide that:

"Notwithstanding the provisions of paragraph (a) of this subsection (1), all claims ... *[a]rise* at the time the third person's claim against the claimant is settled or at the time final judgment is entered on the third person's claim against the claimant ... and ... [s]hall be brought within ninety days after the claims *arise* ...."

(Emphasis added.) Furthermore, in referring to the statute of repose, section 13–80–104(2) provides that when "any such cause of action *arises* during the fifth or sixth year after substantial completion of the improvement to real property, said action shall be brought within two years after the date upon which said cause of action *arises*." (Emphasis added.)

We also note that the language in section 13–80–104(1)(a), which provides that an action "shall be brought within the time provided in section 13–80–102 *after the claim for relief arises, and not thereafter,*" parallels the language added in section 13–80–104(1)(b)(II)(B) that claims under that section "[s]hall be brought within ninety days *after the claims arise, and not thereafter*" (emphasis added).

■ "A statute of limitations takes effect when a claim arises, while a statute of repose bars the bringing of a suit after a set period of time, regardless whether an injury has occurred or a claim has arisen." *Two Denver Highlands,* 12 P.3d at 821. Thus, the General Assembly's use of substantially the same language in section 13–80–104(1)(a) and (1)(b)(II)(B), that the claims must be brought within a specified period after the claims "*arise, and not thereafter,*" indicates that it was addressing the issue of when the statute of limitations ran, not the statute of repose. Hence, this language signifies that the General Assembly did not intend to extend the statute of repose with regard to the types of claims that may be brought under section 13–80–104(1)(b)(II)(B).

Such an interpretation is supported by a review of preexisting case law and the available legislative history. In interpreting a predecessor statute, the supreme court held that a claim for indemnity did not accrue, and therefore the statute of limitations did not begin to run, until the indemnitee's liability was fixed, that is, when a judgment became final or the underlying claim was settled. *See Duncan v. Schuster–Graham Homes, Inc.,* 194 Colo. 441, 447, 578 P.2d 637, 641 (1978). The supreme court's holding in *Duncan* was subsequently abrogated with respect to claims involving constructions defects by amendments enacted by the General Assembly. *See* Ch. 144, sec. 1, § 13–80–127, 1979 Colo. Sess. Laws 631; *Nelson, Haley, Patterson & Quirk, Inc. v. Garney Cos.,* 781 P.2d 153, 155 (Colo.App.1989).

The division in *Nelson,* 781 P.2d at 155, determined that the amended statute did not differentiate between the time an action accrued for the underlying claim and a claim for indemnification. Thus, it concluded an indemnity claim must be brought within the same limitations period as the underlying claim. *Id.* The practical effect of this interpretation was that a contractor who was named in a lawsuit just prior to the expiration of the statute of limitations had to immediately name any and all subcontractors to avoid having any claim for indemnity barred as to those subcontractors. *See* R. Sandgrund, S. Sullan & M. Achenbach, *The Construction Defect Action Reform Act,* 30 Colo. Law. 121, 122 (Oct. 2001); *see also* R. Sandgrund & S. Sullan, *Statutes of Limitations & Repose in Construction Defect Cases—Part I,* 33 Colo. Law. 73, 77 (May 2004).

The amendments added by the CDARA in 2001 sought to alleviate this problem by providing that all claims for indemnity or contribution must be brought within ninety days after the claims arise, which was defined as occurring upon the entry of final judgment or settlement of the underlying lawsuit. *See* § 13–80–104(1)(b)(II). Thus, this change, even without considering its possible effect on the statute of repose, significantly extended the applicable statute of limitations for a

claim for indemnity or contribution up to the expiration of the statute of repose.

Additionally, there is no indication in the legislative history that the General Assembly sought to do away with the statute of repose with regard to claims for indemnity or contribution. *See* Hearings on H.B. 01–1166 before the House Business and Labor Committee, 63d Gen. Assemb., 1st Reg. Sess. (Mar. 6, 2001); House Floor Debate on H.B. 01–1166, 63d Gen. Assemb., 1st Reg. Sess. (Mar. 12, 2001); Hearings on H.B. 01–1166 before the Senate Business Affairs and Labor Committee, 63d Gen. Assemb., 1st Reg. Sess. (Mar. 21, 2001). No testimony was presented that the amendments proposed by the CDARA were intended to alter the statute of repose. For example, neither *Duncan* nor *Nelson* was mentioned by any witness during the hearings. Instead, the testimony focused on the effect the amendments would have on the statute of limitations.

Finally, we note that amendments added by the Construction Defect Action Reform Act of 2003, *see* Ch. 188, sec. 5, 2003 Colo. Sess. Laws 1363–64, adopted a mandatory notice of claims process. *See* § 13–20–803.5, C.R.S.2007. It also provided for a sixty-day tolling of the statute of limitations or statute of repose until this process was completed. *See* § 13–20–805, C.R.S.2007. No other statutory tolling period was expressly included in either the 2001 or 2003 amendments.

We therefore conclude that the reference in section 13–80–104(1)(b)(II) to section 13–80–104(1)(a) pertains only to the two-year statute of limitations set forth in section 13–80–102, not to the six-year statute of repose.

Moreover, we do not find that this construction leads to an illogical or absurd result. *Colo. Water Conservation Bd. v. Upper Gunnison River Water Conservancy Dist.,* 109 P.3d 585, 593 (Colo.2005) (noting that a statute should not be interpreted in a manner that would produce illogical or absurd results); *see* § 2–4–201(1)(c), C.R.S.2007 (it must be presumed that the legislature, in enacting a statute, intends a just and reasonable result). If the statute were construed in the manner argued by plaintiffs, the period of repose could be significantly extended depending on the time it takes for the underlying litigation to settle or for final judgment to be entered. If the General Assembly had intended to extend the period of repose beyond the eight years maximum currently allowed under the statute, *see* § 13–80–104(2), it could have clearly said so.

Although one of the purposes of the CDARA was to avoid "shotgun-style" litigation, another purpose was to encourage the timely resolution of construction disputes. *See CLPF–Parkridge One,* 105 P.3d at 664 (one of the purposes of CDARA was to "allow the general contractor time to sort out who truly should be brought into the lawsuit and who can be brought out, or left out" (emphasis omitted) (quoting Hearings on H.B. 01–1166 before the Senate Business Affairs and Labor Committee, 63d General Assembly, 1st Reg. Sess. (Mar. 21, 2001))); *Fire Ins. Exch.,* 179 P.3d at 46. To accomplish this purpose, the CDARA requires a plaintiff to provide a list of construction defects early on in the litigation process. *See* § 13–20–803, C.R.S.2007. Such a list permits the contractor to determine which subcontractor to add as a party and helps prevent the "shotgun-style" litigation that lead to the CDARA in the first instance. Plaintiffs' interpretation of section 13–80–104 could significantly prolong construction litigation, thereby defeating one of the purposes of the CDARA which was to encourage the timely resolution of construction disputes.

Finally, we do not find that the decision in *Southard v. Miles,* 714 P.2d 891, 897–98 (Colo.1986), requires a different result. In *Southard,* the court held that the applicable tolling provision was plainly directed to any statute that fixes a limitation "upon the time within which a right of action ... *or any other right* may be asserted either affirmatively or by way of defense." *Southard,* 714 P.2d at 897–98 (emphasis added). The court concluded that this all-encompassing language clearly applied to a statutory period of repose, which, by definition, limited the time within which a cause of action must be instituted regardless of whether the cause of action had yet accrued. Therefore, because we do not construe the language in section 13–80–104 in a similar manner, we conclude

that the decision in *Southard* is not controlling.

Therefore, we conclude that the trial court properly determined that the six-year statute of repose was not affected by the amendments made to section 13–80–104(1)(b) by the CDARA.

The judgment is affirmed.

Judge DAILEY and Judge RICHMAN concur.