COLORADO COURT OF APPEALS                                    **2016COA158**

Court of Appeals No. 15CA1959
Garfield County District Court No. 13CV30033
Honorable Gail H. Nichols, Judge

Sopris Lodging, LLC, a Colorado limited liability company, assignee of the
claims of TDC/BEI Joint Venture, LLC, a Colorado limited liability company;
Charles R. Lakin, an individual; and Tyler Casebier, an individual,

Third-Party Plaintiffs-Appellants,

v.

Schofield Excavation, Inc., a Colorado corporation; and Colorado Engineering
Contractors, Inc., a Colorado corporation,

Third-Party Defendants-Appellees.

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE RICHMAN
Bernard and Fox, JJ., concur

Announced October 20, 2016

Wolf Slatkin & Madison, P.C., Albert B. Wolf, Jonathan L. Madison, Denver,
Colorado, for Third-Party Plaintiffs-Appellants

Markusson, Green & Jarvis, H. Keith Jarvis, Daniel R. Coombe, Anne K.
McMichael, Denver, Colorado, for Third-Party Defendant-Appellee Schofield
Excavation, Inc.

Stuart D. Morse & Associates, LLC, Stuart D. Morse, Matthew J. Bayma,
Greenwood Village, Colorado, for Third-Party Defendant-Appellee Colorado
Engineering Contractors, Inc.

¶ 1     In this construction defect case, Sopris Lodging, LLC, assignee of the claims of third-party plaintiffs TDC/BEI Joint Venture, LLC (TDC), Charles R. Lakin, and Tyler Casebier, appeals the district court's entry of summary judgment in favor of third-party defendants, Schofield Excavation, Inc. (Schofield), and Colorado Engineering Contractors, Inc. (CEC).  Because we conclude that the third-party claims at issue are time barred, we affirm.

I.     Background

¶ 2     TDC was the general contractor for the construction of a hotel owned by Sopris Lodging.  On March 11, 2011, Sopris Lodging sent TDC a notice of claim regarding alleged construction defects at the hotel.  On May 24, 2013, Sopris Lodging filed a complaint in district court asserting construction defect claims against one of the subcontractors of the hotel, and against the TDC's individual principals, Lakin and Casebier, who had guaranteed TDC's performance.  On the same date, however, Sopris Lodging and TDC entered into an agreement to toll the statute of limitations for Sopris

Lodging's claims against TDC.  Sopris Lodging later amended its complaint in August of 2013 to add claims against TDC.[1]

¶ 3     In 2014, while those claims were pending, TDC filed third-party claims against several subcontractors, including Schofield and CEC, for breach of contract, negligence, contribution, and indemnification.  CEC and Schofield moved for summary judgment, asserting that TDC's third-party claims were barred by the two-year statute of limitations set forth in section 13-80-102, C.R.S. 2016, and made applicable to TDC's claims through section 13-80-104(1)(a), C.R.S. 2016.  CEC and Schofield argued that those claims accrued on or before March 11, 2011, when Sopris Lodging sent the notice of claim to TDC.  Because TDC did not file its third-party claims until 2014, CEC and Schofield asserted that the claims were time barred.

¶ 4     In its response, TDC did not dispute the date of accrual.  However, it asserted that section 13-80-104(1)(b)(II) tolled the statute of limitations for a defendant's third-party claims until

_____

[1] Hereinafter, we refer to TDC and its principals collectively as "TDC."

2

ninety days after a settlement or final judgment on the plaintiffs' claims against the defendant.

¶ 5 After briefing, the district court entered a detailed written order ruling that the third-party claims were time barred. Relying on *CLPF-Parkridge One, L.P. v. Harwell Investments, Inc.*, 105 P.3d 658 (Colo. 2005), the court concluded that section 13-80-104(1)(b)(II) did not apply to TDC's third-party claims and that those claims were barred by the limitations period in section 13-80-104(1)(a). Accordingly, the court entered summary judgment in favor of CEC and Schofield.

¶ 6 Thereafter, Sopris Lodging and TDC reached a settlement agreement. TDC assigned its third-party claims to Sopris Lodging, and Sopris Lodging, standing in the shoes of TDC, filed this appeal.

## II. Discussion

¶ 7 Sopris Lodging contends that the court misapplied section 13-80-104 in ruling that the third-party claims of TDC were time barred. We disagree.

## A. Standard of Review

¶ 8 We review a trial court's order on a summary judgment motion de novo. *Gibbons v. Ludlow*, 2013 CO 49, ¶ 11. Summary

judgment is appropriate when the pleadings and supporting documents establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.*

¶ 9 Statutory interpretation is a question of law that we review de novo. *Klinger v. Adams Cty. Sch. Dist. No. 50*, 130 P.3d 1027, 1031 (Colo. 2006). Our task is to give effect to the intent of the General Assembly. *Id.* To do so, we look first to the language of the statute. *Id.* We construe words and phrases according to their commonly accepted and understood meanings. *A.S. v. People*, 2013 CO 63, ¶ 10. Where the language is clear and unambiguous, we do not resort to other rules of statutory construction. *Klinger*, 130 P.3d at 1031.

## B. Applicable Law

¶ 10 Section 13-80-104(1)(a) provides that the two-year statute of limitations set forth in section 13-80-102(1) applies to construction defect claims:

> Notwithstanding any statutory provision to the contrary, all actions against any architect, contractor, builder or builder vendor, engineer, or inspector performing or furnishing the design, planning, supervision, inspection,

4

construction, or observation of construction of any improvement to real property *shall be brought within the time provided in section 13-80-102 after the claim for relief arises*, and not thereafter, but in no case shall such an action be brought more than six years after the substantial completion of the improvement to the real property, except as provided in subsection (2) of this section.

¶ 11    Section 13-80-104(1)(b) provides:

(I) Except as otherwise provided in subparagraph (II) of this paragraph (b), a claim for relief arises under this section at the time the claimant or the claimant's predecessor in interest discovers or in the exercise of reasonable diligence should have discovered the physical manifestations of a defect in the improvement which ultimately causes the injury.

(II) Notwithstanding the provisions of paragraph (a) of this subsection (1), all claims, including, but not limited to indemnity or contribution, by a claimant against a person who is or may be liable to the claimant for all or part of the claimant's liability to a third person:

(A) Arise at the time the third person's claim against the claimant is settled or at the time final judgment is entered on the third person's claim against the claimant, whichever comes first; and

(B) Shall be brought within ninety days after the claims arise, and not thereafter.

¶ 12    In *CLPF-Parkridge One*, the supreme court held that section 13-80-104(1)(b)(II) does not bar a defendant contractor from asserting third-party claims for indemnity or contribution against subcontractors before the resolution of the underlying construction defect claims.  105 P.3d at 663-65.  The court concluded that section 13-80-104(1)(b)(II) is not a ripeness provision but instead "toll[s] the otherwise applicable statute of limitations in order to allow indemnity or contribution claims to be brought in a separate lawsuit . . . within ninety days after settlement of or judgment in the construction defect lawsuit." *Id.* at 665.  Thus, a defendant in a construction defect lawsuit may either (1) bring appropriate cross-claims or third-party claims in the same lawsuit or (2) wait to file a separate suit within the ninety-day period after a settlement or judgment in the construction defect lawsuit in accordance with section 13-80-104(1)(b)(II).  *Id.* at 664-65.

## C.    Analysis

¶ 13    Relying on *CLPF-Parkridge One*, Sopris Lodging asserts that section 13-80-104(1)(b)(II) tolled the statute of limitations for the third-party claims that TDC asserted against subcontractors in this case.  We disagree.

6

¶ 14     As set forth in *CLPF-Parkridge One*, section 13-80-104(1)(b)(II) gives a contractor the option to bring indemnity or contribution claims against subcontractors in a separate lawsuit after the underlying claims are resolved, and it tolls the statute of limitations for such claims. Here, however, TDC did not wait to file claims against subcontractors in a separate lawsuit. It chose instead to assert third-party claims in the original construction defect litigation. Thus, we conclude that section 13-80-104(1)(b)(II) does not apply to TDC's third-party claims.

¶ 15     *CLPF-Parkridge One* did not address the statute of limitations applicable to third-party claims brought in the original construction defect lawsuit. Nonetheless, we conclude that those claims are subject to the two-year statute of limitations in section 13-80-104(1)(a) and the accrual provision in section 13-80-104(1)(b)(I).

¶ 16     Section 13-80-104(1)(a) provides that all construction defect actions must be brought within two years (the time provided in section 13-80-102) after "the claim for relief arises." *See also* § 13-80-104(1)(c) (such actions include actions for indemnity and contribution). Section 13-80-104(1)(b)(I) states that, except as

otherwise provided in section 13-80-104(1)(b)(II), a claim for relief "arises" when the claimant discovers or should have discovered the physical manifestations of the defect. Thus, the only exception to the generally applicable accrual provision is for claims against third parties filed in a separate lawsuit in accordance with section 13-80-104(1)(b)(II). *See CLPF-Parkridge One*, 105 P.3d at 663-65. Because that exception is inapplicable here, TDC was required to comply with sections 13-80-104(1)(a) and 13-80-104(1)(b)(I) in filing its third-party claims.

¶ 17    Our interpretation is supported by *Nelson, Haley, Patterson & Quirk, Inc. v. Garney Companies, Inc.*, which concluded that the accrual language currently found in section 13-80-104(1)(b)(I) required indemnity claims to be brought within the same period of time as the underlying construction defect claims. 781 P.2d 153, 155 (Colo. App. 1989). That case was decided before the General Assembly amended the statute in 2001 to add section 13-80-104(1)(b)(II) to permit the filing of contribution and indemnity claims within ninety days after the entry of a settlement or judgment. However, as explained above, TDC did not pursue its third-party claims in accordance with section 13-80-104(1)(b)(II).

Therefore, like the division in *Nelson,* we conclude that TDC's third-party claims were governed by the same limitation period and accrual provisions applicable to the underlying construction defect claims.

¶ 18    It is undisputed that TDC received notice of the alleged defects on March 11, 2011, when Sopris Lodging sent TDC a notice of claim. Under section 13-80-104(1)(b)(I), the claims accrued and the two-year limitations period began to run on that date. Apart from section 13-80-104(1)(b)(II), which we have deemed inapplicable, Sopris Lodging does not contend that any other tolling provision applied to TDC's claims. Therefore, the limitations period expired with respect to those claims on March 11, 2013. Because TDC did not file its third-party claims until 2014, the claims were time barred.

¶ 19    We acknowledge that this analysis leads us to the somewhat anomalous conclusion that the statute of limitations applicable to TDC's third-party claims could have expired before Sopris Lodging filed the underlying construction defect claims against TDC.[2]

---

[2] However, in this case the statute of limitations may have been tolled with respect to Sopris Lodging's underlying claims against

9

Nevertheless, TDC had several options available to preserve its third-party claims against subcontractors. When TDC received Sopris Lodging's notice of claim, it could have sent its own notices to subcontractors, thereby tolling the statute of limitations during the notice of claims process pursuant to section 13-20-805, C.R.S. 2016. *See Shaw Constr., LLC v. United Builder Servs., Inc.,* 2012 COA 24, ¶ 28. It also could have sought a tolling agreement with those subcontractors. Alternatively, TDC could have waited to file indemnity or contribution claims against subcontractors until after Sopris Lodging's underlying claims against it were resolved, in accordance with section 13-80-104(1)(b)(II).[3] TDC did not pursue any of these options.

TDC for some time during the notice of claim process pursuant to section 13-20-805, C.R.S. 2016, and possibly pursuant to the tolling agreement between those parties. Although TDC filed a motion seeking to dismiss Sopris Lodging's claims pursuant to the statute of limitations, the motion was not ruled upon by the district court.

[3] As the district court noted in its order, this option carries the risk that the claims will be barred by the six-year statute of repose in section 13-80-104(1)(a), C.R.S. 2016, if the underlying claims are not resolved within that time. *See Thermo Dev., Inc. v. Cent. Masonry Corp.,* 195 P.3d 1166, 1168 (Colo. App. 2008) (concluding that section 13-80-104(1)(b)(II) does not act as a tolling provision for the six-year statute of repose). However, we are not persuaded that

¶ 20    Therefore, for the reasons set forth above, we conclude that TDC's third-party claims were time barred.  In reaching this conclusion, we apply the express language of the statutes, and the interpretation of the statutes as explained in *CLPF-Parkridge One.* It is not our role to rewrite the statutes, as that is the function of the General Assembly.

### III.    Sopris Lodging's Separate Lawsuit

¶ 21    After Sopris Lodging settled its claims against TDC, Sopris Lodging, as TDC's assignee, brought indemnity and contribution claims against CEC and Schofield in a separate lawsuit purportedly under section 13-80-104(1)(b)(II).  CEC and Schofield request that we dismiss the complaint in that case and rule that Sopris Lodging's claims are barred by the doctrine of claim preclusion. However, those claims are the subject of a separate case and are not before us in this appeal.  With exceptions not applicable here, our jurisdiction is limited to appeals from final judgments, *see* § 13-4-102(1), C.R.S. 2016, and no appeal of a final judgment in that case is before us.  Accordingly, we do not address those claims.

---

the potential effect of the statute of repose should alter our analysis of the applicable statute of limitation.

11

## IV. Attorney Fees

¶ 22 We also reject CEC's request for an award of appellate attorney fees. C.A.R. 39.1 requires a party requesting attorney fees to state the legal basis that justifies an award of fees. CEC asserts that Sopris Lodging was "on notice that its separate claims were futile and this appeal would be unsuccessful." To the extent that this argument refers to the grounds for an award of fees stated in section 13-17-102(4), C.R.S. 2016, and C.A.R. 38, we do not deem the appeal frivolous, groundless, or vexatious under those provisions. *See Mission Denver Co. v. Pierson*, 674 P.2d 363, 366 (Colo. 1984) (an appeal is not frivolous merely because it is ultimately unsuccessful).

## V. Conclusion

¶ 23 The judgment is affirmed.

JUDGE BERNARD and JUDGE FOX concur.